UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

BRANDON BUTTERFIELD,

        Plaintiff,

  v.                              Case No. 25-cv-1685-pp

ANTHONY BOIVIN,

        Defendant.

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 4), SCREENING COMPLAINT UNDER 28 U.S.C. §1915A (DKT. NO. 1) AND DISMISSING COMPLAINT**

---

Plaintiff Brandon Butterfield, who is incarcerated at Kettle Moraine Correctional Institution and is representing himself, filed a civil complaint against defendant Anthony Boivin. This decision resolves the plaintiff's motion for leave to proceed without prepaying the filing fee, dkt. no. 4, and screens his complaint, dkt. no. 1.

## I.    Motion for Leave to Proceed without Prepaying the Filing Fee (Dkt. No. 4)

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint. See 28 U.S.C. §1915(h). The PLRA lets the court allow an incarcerated plaintiff to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. §1915(a)(2). When funds exist, the plaintiff must pay an initial partial filing fee. 28 U.S.C. §1915(b)(1). He then must pay the balance of the $350 filing fee over time, through deductions from his prisoner account. Id.

1

On November 21, 2025, the court ordered the plaintiff to pay an initial partial filing fee of $99.22. Dkt. No. 6. The court received that fee on April 23, 2026. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee and will require him to pay remainder of the filing fee over time in the manner explained at the end of this order.

## II.    Screening the Complaint

### A.    Federal Screening Standard

Under the PLRA, the court must screen complaints brought by incarcerated persons seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. §1915A(a). The court must dismiss a complaint if the incarcerated plaintiff raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v.

2

Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The court liberally construes complaints filed by plaintiffs who are representing themselves and holds such complaints to a less stringent standard than pleadings drafted by lawyers. Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

### B.     The Plaintiff's Allegations

The plaintiff alleges that the defendant, Anthony Boivin, made a false statement about the plaintiff when he told Breona Edwards that the plaintiff does not hold himself accountable. Dkt. No. 1 at 1. Boivin allegedly "br[oke] confidentiality of treatment records [] from Winnebago Mental Health Early Release Program." Id. The plaintiff states that Boivin's actions placed stress and anxiety on the plaintiff and his family, humiliated the plaintiff and intimidated the plaintiff "under [the defendant's] power of his current occupation." Id. at 1-2.

The plaintiff also alleges that on July 28, 2025, Boivin told the plaintiff that the plaintiff absconds from probation when he consumes alcohol. Id. at 2. This statement allegedly humiliated, intimidated, harassed and frightened the plaintiff. Id. On October 2, 2025, Boivin allegedly told the plaintiff that a family member of Danny Hansen said that the plaintiff was abusing Hansen "which is a complete lie[.]" Id.

3

The plaintiff states that he sues Boivin for "[d]eliberate indifference, slander, me[n]tal abuse, harassment, frightening anxiety under Mr. Boivin's occupation over [the plaintiff.]" Id. at 3. He says that he seeks punitive damages under Wisconsin state law. Id.

C.    Analysis

To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under the color of state law. D.S. v. E. Porter C'nty Sch. Corp., 799 F.3d 793, 798 (7th Cir. 2015) (citing Buchanan–Moore v. C'nty of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009)).

Although it is not clear, it appears from the plaintiff's complaint that Boivin is or was the plaintiff's parole officer. Courts have found that the conduct of parole officers implicates the Eighth Amendment in some situations. See, e.g., Mitchell v. Kallas, 895 F.3d 492, 502 (7th Cir. 2018) (parole officers blocked parolee from obtaining medical treatment); Hankins v. Lowe, 786 F.3d 603, 605 (7th Cir. 2015) (imposing restrictions beyond parole term). In this case, the plaintiff alleges that Boivin made several false statements that amounted to slander in violation of the plaintiff's rights under Wisconsin state law. The plaintiff has not alleged that Boivin violated his rights under *federal* law, so the plaintiff's complaint does not state a claim under §1983.

A federal court may not hear cases involving only state law claims unless a plaintiff can establish what is called "diversity" jurisdiction under 28 U.S.C.

4

§1332. Diversity jurisdiction exists when (1) the amount in controversy exceeds $75,000 and (2) the parties are citizens of different states. 28 U.S.C. §1332. The plaintiff does not allege that the parties are citizens of different states. He alleges that he and the defendant live in Wisconsin. Dkt. No. 1 at 1. Because all the parties are not citizens of different states, this federal court does not have subject-matter jurisdiction over any state-law claim the plaintiff may have.

Although the court generally permits civil plaintiffs at least one opportunity to amend their complaint, it need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. April 5, 2022) (citing Zimmerman v. Bornick, 25 F.4th 491, 492 (7th Cir. 2022); Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519-20 (7th Cir. 2015); Perez v. Fenoglio, 792 F3.d 768, 783 (7th Cir. 2015)). The court finds that further amendment regarding a federal claim would be futile. Because the plaintiff has not stated a claim for which this federal court may grant relief, and because the court lacks subject-matter jurisdiction, the court must dismiss the complaint. The court is dismissing the case without prejudice, which means that the plaintiff is free to file a lawsuit in state court regarding his state-law claim.

### III.    Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 4.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** because the complaint fails to state a claim for violation of the plaintiff's rights

under federal law and this court lacks subject-matter jurisdiction over any state law claim the plaintiff may have. The clerk will enter judgment accordingly.

The court **ORDERS** that the agency that has custody of the plaintiff must collect from his institution trust account the **$250.78** balance of the filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency must clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution must forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Kettle Moraine Correctional Institution, where the plaintiff is confined.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. Rule of App. P. 4(a)(5)(A).). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks

6

to proceed on appeal without prepaying the appellate filing fee, he must file a motion *in this court.* <u>See</u> Fed. R. App. P. 24(a)(1). The plaintiff may be assessed a "strike" by the Court of Appeals if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. <u>Id.</u>

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. <u>See</u> Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 10th day of July, 2026.

BY THE COURT:

_____

HON. PAMELA PEPPER
Chief United States District Judge

7